UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH B. GIBBS,

    Plaintiff,

  v.

T. FARLEY, et. al.,

    Defendants.

Case No. 16-cv-0731-TEH

ORDER OF SERVICE

Plaintiff, an inmate at California State Prison-Los Angeles County, filed this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. His complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010);

Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## II

Plaintiff alleges that while at Pelican Bay State Prison ("PBSP") several correctional officers used excessive force against him while other officers failed to protect him.

In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive force against prisoners. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). Where a prisoner claims that prison officials used excessive force, he must show that the officials applied force maliciously and sadistically to cause harm. Id.; Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013). Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer de minimis injuries. Hudson, 503 U.S. at 9-10. In determining whether the use of force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to

2

temper the severity of a forceful response.  Id., 503 U.S. at 7; LeMaire v. Maass, 12 F.3d 1444, 1454 (9th Cir. 1993); see also Spain v. Procunier, 600 F.2d 189, 195 (9th Cir. 1979) (guards may use force only in proportion to need in each situation).

Plaintiff asserts that on April 24, 2013, PBSP Officers T. Farley and R. Graham came to Plaintiff's cell to escort him to another area.  Officer J. Andersen was also present.  After Plaintiff and Officer Farley exchanges some hostile words, Officers Farley and Andersen handled Plaintiff aggressively, making him feel that his welfare and security were at stake.

Upon exiting the building and out of sight of other inmates, these Officers Farley and Anderson slammed Plaintiff against the wall and told him that "if he moved, they were going to take him down."  The Officers then reversed direction and began escorting Plaintiff back to his cell.  Within a few feet of his cell, someone placed their foot before Plaintiff, causing him to fall.  While Plaintiff was falling, Officer Andersen placed his knee upon Plaintiff's back, causing Plaintiff's handcuffs to tighten so that he felt excruciating pain.  While Plaintiff was on the ground, Officers Andersen and Farley jammed their elbows into Plaintiff's neck, causing him more pain.  During this entire time, Plaintiff was not resisting the Officers.  Other Officers arrived at the scene.  Officer Chisman kicked Plaintiff in his loins.  As a result of the Officers' use of excessive force, Plaintiff suffered a swollen eye, a swollen knee, and a sprained wrist.

Based on these allegations, Plaintiff alleges the following claims: (1) an Eighth Amendment claim against Officers Farley,

3

Andersen, and Chisman based on their use of excessive force against Plaintiff; (2) an Eighth Amendment claim against Officers Graham and Chisman based on the fact that they were present when the other Officers violated Plaintiff's Eighth Amendment rights and did nothing to stop them. Liberally construed these claims are sufficient to proceed.[1]

### III

For the foregoing reasons, the Court hereby orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint (Docket No. 1), and a copy of this order upon the following Defendants at Pelican Bay State Prison: Correctional Officers ("CO") T. Farley, R. Graham, J. Andersen and R. Chisman.

2. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than 91 days from the date of service, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendant is of the opinion that this case cannot be

---

[1] These same claims were brought in a prior action, Gibbs v. Farley, Case No. 13-cv-2114-TEH. The claims were dismissed without prejudice because Plaintiff filed the case prior to the exhaustion of administrative remedies. Docket No. 87 in 13-cv-2114.

4

resolved by summary judgment, he shall so inform the Court prior to the date his summary judgment motion is due. All papers filed with the Court shall be promptly served on the plaintiff.

b. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice or notices required by Rand v. Rowland, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). See Woods v. Carey, 684 F.3d 934, 940-941 (9th Cir. 2012) (Rand and Wyatt notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); Rand at 960 (separate paper requirement).

c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to Rand v. Rowland, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).

If Defendants file a motion for summary judgment claiming that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

d. If Defendant wishes to file a reply brief, he shall do so no later than fifteen days after the opposition is served upon him.

5

   e. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

  3. All communications by Plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

  4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

  5. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

  IT IS SO ORDERED.

Dated: 04/14/2016

                  /s/ Thelton Henderson
                  THELTON E. HENDERSON
                  United States District Judge

G:\PRO-SE\TEH\CR.16\Gibbs0731.serve.docx

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.