UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH GIBBS,

    Plaintiff,

  v.

FARLEY, et. al.,

    Defendants.

Case No. 16-cv-0731-TEH

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Docket No. 13

    Plaintiff Kenneth Gibbs, a state prisoner, filed this pro se action under 42 U.S.C. § 1983.  The case proceeds against Defendants Farley, Graham, Andersen, and Chisman for allegations of excessive force and failure to protect.  Defendants have filed a motion to dismiss on the grounds that Plaintiff's claims are barred by the statute of limitations.  Plaintiff has opposed the motion and Defendants filed a reply.  For the reasons that follow, Defendants' motion is GRANTED.

I

A

    A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint.  Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  All allegations of material fact are taken as true.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  However, legally conclusory statements, not supported by actual factual

allegations, need not be accepted. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (courts are not bound to accept as true "a legal conclusion couched as a factual allegation"). "A plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (internal quotation marks omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

**B**

Section 1983 does not contain its own limitations period. The appropriate period is that of the forum state's statute of limitations for personal injury torts. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994). In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code section 335.1 and is the applicable statute in § 1983 actions. See Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); see also Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999) (limitations period for filing § 1983 action in California governed by residual limitations period for personal injury actions in California, which was then one year and was codified in Cal. Civ. Proc. Code § 340(3)); Cal. Civ. Proc. Code § 335.1 (current codification of residual limitations period, which is now two years; enacted in

2002).[1]

It is federal law, however, that determines when a cause of action accrues and the statute of limitations begins to run in a § 1983 action. Wallace v. Kato, 549 U.S. 384, 388 (2007); Elliott, 25 F.3d at 801-02. Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. See TwoRivers, 174 F.3d at 991-92; Elliott, 25 F.3d at 802.

C

Plaintiff previously proceeded with a case in this Court with the same allegations against the same Defendants, Gibbs v. Farley ("Gibbs 1"), Case No. 13-cv-2114-TEH. On January 7, 2016, the Court granted Defendants' motion for summary judgment in Gibbs 1 and dismissed claims against these Defendants without prejudice for failure to exhaust. Gibbs 1, Case No. 13-cv-2114-TEH, Docket No. 87. Plaintiff had not exhausted administrative remedies until several months after commencing the action. A prisoner must exhaust his administrative remedies for constitutional claims prior to asserting them in a civil rights

---

[1] California Civil Procedure Code section 352.1 recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." See Cal. Civ. Proc. Code § 352.1(a).
   A district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007). The Court takes judicial notice that Plaintiff is sentenced to life without the possibility of parole. Request for Judicial Notice ("RJN"), Docket No. 14, Ex. C; See also Gibbs v. Ayers, Case No. 00-6349, Docket No. 46 at 2 (C.D. Cal. May 17, 2001). He is not entitled to this tolling, nor does he argue for this additional tolling.

3

complaint. 42 U.S.C. § 1997e(a); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).[2]

The instant action contains the same allegations against the same Defendants regarding the same incident. However, Plaintiff was able to proceed with this action because the claims were exhausted prior to the filing of the case. Defendants argue that the case is untimely.

The cause of action in this case accrued on April 24, 2013. Complaint at 7. The statute of limitations expired on April 24, 2015. The complaint was filed on January 26, 2016, and is untimely unless Plaintiff is entitled to tolling.[3] A federal court must give effect to a state's tolling provisions. See Hardin v. Straub, 490 U.S. 536, 543-44 (1989); Marks v. Parra, 785 F.2d 1419, 1419-20 (9th Cir. 1986).

Plaintiff is entitled to tolling when he was administratively exhausting his claims. See Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005). Plaintiff is entitled to 153 days of tolling from May 1, 2013, to October 1, 2013, when he was exhausting his grievances through the prison appeal system. Complaint, Ex. A at 2-4. Adding this tolling, the statute of limitations expired on September 24, 2015. The complaint filed on January 26, 2016, is still untimely by four months.

---

[2] Case No. 13-cv-2114 TEH also contained a claim against Defendant Lt. Diggle that was dismissed for separate reasons.
[3] The Court affords Plaintiff application of the mailbox rule as to all his relevant filings. Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

4

Plaintiff is not entitled to tolling while the previous federal action was pending. "[A] suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed." Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000). Conversely, "a prescriptive period is not tolled by filing a complaint that is subsequently dismissed without prejudice." Chico-Velez v. Roche Products, Inc., 139 F.3d 56, 59 (1st Cir. 1998). Thus, "[i]n instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the [ ] limitations period." O'Donnell v. Vencor Inc., 466 F.3d 1104, 1111 (9th Cir. 2006) (per curiam); see also Wood v. Elling Corp., 20 Cal. 3d 353, 359 (1977) (quoting 51 Am. Jur. 2d Limitation of Actions § 311, at 813) ("'In the absence of a statute, a party cannot deduct from the period of the statute of limitations. . . the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice to him.'"). "[I]f the suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." Elmore, 227 F.3d at 1011.

Nor is there a way for this action to "relate back" to the prior action. See O'Donnell, 466 F.3d at 1111 (second complaint does not "relate back" to first complaint because it is not an "amendment" but a separate filing); Young v. Rorem, 977 F.2d 594 (9th Cir. 1992) (unpublished) (new action cannot "relate back" to

5

original complaint under Federal Rule of Civil Procedure 15(c) because the original action was dismissed and not pending when the new action was filed); Hill v. Prunty, 55 F. App'x 418, 419 (9th Cir. 2003) (new complaint alleging same claim does not relate back to prior complaint, even if the prior complaint was dismissed without prejudice).

D

Plaintiff argues that he is also entitled to equitable tolling while the prior federal action was pending.

This Court must apply California law governing equitable tolling. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). In California, when a plaintiff pursues identical claims in two different actions, equitable tolling applies during the pendency of the prior action only if it was filed in a different forum; successive identical claims pursued in the same forum are not entitled to equitable tolling. See Martell v. Antelope Valley Hosp. Med. Ctr., 67 Cal. App. 4th 978, 985 (1998) ("[u]nder equitable tolling, the statute of limitations in one forum is tolled as a claim is being pursued in another forum"). "The doctrine of equitable tolling . . . only applies where the plaintiff has alternate remedies and has acted in good faith." Thomas v. Gilliland, 95 Cal. App. 4th 427, 434 (Cal. Ct. App. 2002). "Under California law, equitable tolling 'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993) (alteration in original) (quoting Addison v. California, 21 Cal.

6

3d 313, 317 (1978)).

In contrast, when a plaintiff pursues the same claim in the same forum, as in the instant case, the statute of limitations may be tolled under California law only under a "general equitable rule" known as the "Bollinger rule." See Bollinger v. Nat'l Fire Ins. Co., 25 Cal. 2d 399, 410 (1944)). In Bollinger, "(1) the trial court had erroneously granted the initial nonsuit, (2) dilatory tactics on the part of the defendant had prevented disposition of the first action in time to permit a [timely] second filing . . ., and (3) plaintiff had at all times proceeded in a diligent manner." Wood, 20 Cal. 3d at 360 (citing Bollinger, 25 Cal. 2d at 406). "[T]he concurrence of the three factors present in Bollinger is essential to an application of the rule stated therein." Wood, 20 Cal. 3d at 360; see also Allen v. Greyhound Lines, Inc., 656 F.2d 418, 421 (9th Cir. 1981) ("the California Supreme Court in Wood . . . limited Bollinger to its facts . . . [requiring that] plaintiff must demonstrate the existence of those three factors present in Bollinger").

Essential to the application of the Bollinger rule is "the fact that the plaintiff is [otherwise] left without a judicial forum for resolution of the claim . . . attributable to forces outside the control of the plaintiff." Hull v. Cent. Pathology Serv. Med. Clinic, 28 Cal. App. 4th 1328, 1336 (Cal. Ct. App. 1994) (citing Wood, 20 Cal. 3d at 361-62). Tolling under the "Bollinger rule" is thus intended to "'serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits.'" Addison, 21 Cal. 3d at 318-19 (quoting Bollinger, 25 Cal. 2d at 410).

Because Plaintiff proceeds with the same claims in the same forum, Bollinger applies and the Court will look to the three factors in Bollinger. California law makes clear that in order to be entitled to equitable tolling under Bollinger, a plaintiff must demonstrate all three Bollinger factors. See Allen, 656 F.2d at 421 ("The [California Supreme Court] thus made it clear that to avoid the literal language of [section 355], the plaintiff must demonstrate the existence of those three factors present in Bollinger."); Hull, 28 Cal. App. 4th at 1337 (reiterating that the three Bollinger factors are prerequisites expressly required to apply tolling); Wood, 20 Cal.3d at 360 ("the concurrence of the three factors present in Bollinger is essential to an application of the rule"); Dimcheff v. Bay Valley Pizza Inc., 84 F. App'x 981, 982-83 (9th Cir. 2004).

With respect to the third Bollinger factor, the Court finds that Plaintiff proceeded in a diligent manner. However, the first two Bollinger factors, trial court error in granting summary judgment and dilatory defense tactics, are not found in this case. This Court did not erroneously grant the motion for summary judgment for failure to exhaust in Gibbs 1. As described in Gibbs 1, the law is well settled that a prisoner must exhaust administrative remedies prior to filing a civil rights complaint. Nor were there any dilatory tactics on the part of Defendants that delayed disposition of the first action. Defendants timely filed a motion to dismiss for failure to exhaust that was dismissed without prejudice to refiling as a summary judgment motion in light of Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014). While this change of law was beyond Plaintiff's control, he chose

8

to file a first amended complaint and then, six months later, a second amended complaint to add an additional claim, which further lengthened the litigation. In his opposition to summary judgment in Gibbs 1, Plaintiff argued that by amending the complaint with a new claim, all claims were exhausted. Opposition, Gibbs 1, Docket No. 81. While this was not correct, Plaintiff was aware of the exhaustion issue when Defendants filed the motion to dismiss in Gibbs 1. Yet, he still litigated the case for several years.

Thus, the Bollinger rule is not applicable to this case because Plaintiff can only demonstrate the existence of one of the three factors. Therefore, Plaintiff is not entitled to equitable tolling. See Dimcheff, 84 F. App'x at 983 (tolling not available when second Bollinger factor not met); Flowers v. Alameda Cnty. Sheriff's Deputy Bixby, No. 12-cv-3181-YGR, 2015 WL 1393582, at *4-8 (N.D. Cal. Mar. 26, 2015) (pro se prisoner not entitled to tolling under Bollinger); Sandoval v. Barneburg, No. 12-cv-3007-LHK, 2013 WL 5961087, at *3 (N.D. Cal. Nov. 7, 2013) (finding pro se prisoner not entitled to equitable tolling during pendency of his prior federal lawsuit); Mitchell v. Snowden, No. 2:15-cv-1167 TLN AC P, 2016 WL 5407858, at *3-7 (E.D. Cal. June 10, 2016)(Bollinger not applicable to pro se prisoner where none of the factors were met); Watkins v. Singh, No. 2:12-cv-1343 GEB DAD P, 2014 WL 2930536, at *4 (E.D. Cal. June 27, 2014) (finding plaintiff was not diligent in pursuing his claims and was not entitled to equitable tolling); Dawkins v. Woodford, No. 09-cv-1053 JLS (POR), 2012 WL 554371, at *4-5 (S.D. Cal. Feb. 21, 2012) (concluding pro se prisoner was not entitled to equitable tolling

during pendency of his prior federal actions, which were dismissed for failing to timely serve defendants).

While this is a troubling ruling against a pro se litigant, the Court is bound by federal and state laws. The Court notes that Plaintiff was informed in October 2013 that his claims were not properly exhausted because he exhausted his claims after filing suit and that Gibbs 1 should be dismissed without prejudice. In October 2013 the statute of limitations had only been running for six months and with tolling plaintiff still had two years to timely file a new case. While the Court cannot fault Plaintiff for continuing to litigate Gibbs 1, his filing of a first and second amended complaint with new claims, attempts to make the unexhausted claims exhausted, further delayed the Court's adjudication of Gibbs 1. For all these reasons, Plaintiff is not entitled to equitable tolling.[4]

E

Equitable estoppel is another doctrine which may apply to extend the limitations period on equitable grounds. Lukovsky, 535 F.3d at 1051. Equitable estoppel "focuses primarily on actions taken by the defendant to prevent a plaintiff from filing suit, sometimes referred to as 'fraudulent concealment.'" Lukovsky at 1051 (citing Johnson, 314 F.3d at 414).

---

[4] The Court notes that it is not clear if the federal equitable tolling rule mentioned in Lukovsky v. San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008) and Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002), applies in § 1983 actions because Lukovsky did not decide the question, see Lukovsky, 535 F.3d at 1051 & n.5, and Johnson was not a § 1983 action.

Under California law, equitable estoppel requires that:

> (1) the party to be estopped must be apprised of the facts; (2) that party must intend that his or her conduct be acted on, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) the party asserting the estoppel must reasonably rely on the conduct to his or her injury.

Lukovsky, 535 F.3d at 1051-52 (quoting Honig v. San Francisco Planning Dep't, 127 Cal. App. 4th 520, 529 (2005)).  In order to establish equitable estoppel, or "fraudulent concealment" by defendants, the plaintiff must show "some active conduct by the defendant above and beyond the wrongdoing upon which the plaintiff's claim is filed."  Id. (internal quotation marks omitted).

Plaintiff seeks equitable estoppel due to prison staff preventing him from litigating his court cases from December 27, 2013, to January 3, 2015.  Plaintiff states he was placed in administrative segregation and did not have access to his legal materials.  Opposition, Docket No. 24 at 11-12.

Yet, during this time period, Plaintiff was actively litigating Gibbs 1, No. 13-cv-2114-TEH.  During this same period he was also actively litigating the following cases in this court: Gibbs v. Carson, No. 13-cv-0860 TEH; Gibbs v. Chisman, No. 13-cv-2488 TEH; Gibbs v. Bradford, No. 14-cv-0641 TEH, (transferred and opened as No. 14-cv-0831 TLN-AC (E.D. Cal.); Gibbs v. Petersen, No. 14-cv-4200 TEH; Gibbs v. Dennehy, No. 14-cv-5301 TEH.[5]  Based on Plaintiff's ability to actively litigate

---

[5] **The Court grants Defendants' request for judicial notice.  Docket**

11

all of these cases, which included dozens of filings, the Court does not find that Defendants prevented Plaintiff from filing suit.

II

For the foregoing reasons, the Court hereby orders as follows:

1. Defendants' motion to dismiss (Docket No. 13) is GRANTED and this case is DISMISSED with prejudice as untimely.

2. The Clerk shall close the file. This order terminates Docket No. 13.

IT IS SO ORDERED.

Dated: 1/18/2017

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.16\Gibbs0731.mtd.docx

---

No. 26. A district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Bias, 508 F.3d at 1225.

12